1

2                    IN THE UNITED STATES DISTRICT COURT

3                   FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6    EYEN ANDERSON,

7              Plaintiff,                  CV F 05 0729 AWI WMW P

8         vs.                              ORDER DISMISSING
                                           COMPLAINT
9    _____WITH LEAVE TO AMEND

10

11   DR. FISCHBACK, et al.,

12              Defendants.

13

14

         Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.
15
     § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.
16
     § 636(b)(1).
17
         This action proceeds on the original complaint.  Plaintiff, an inmate in the custody of the
18
     California Department of Corrections at CSP Corcoran, brings this civil rights action against
19
     defendant correctional officials employed by the Department of Corrections at CSP Corcoran.
20
         Plaintiff's sole claim in this complaint relates to his dental care.  Prior to his transfer to
21
     Corcoran, Plaintiff received "root canal treatment."   Plaintiff alleges that the treatment was not
22
     "fully completed" prior to his transfer to Corcoran.   Upon his arrival at Corcoran, Plaintiff was
23
     seen by Defendant Dr. Fishback.   Dr. Fishback found that the number 7 tooth had a "failed root
24
     canal" and the number 8 tooth "appears to have a root canal started."   Plaintiff alleges that Dr.
25
     Fishback refused root canal treatment, advising Plaintiff that it was a restricted service and that it
26

                                            1

1   was not "vital."   Plaintiff alleges that Dr. Fishback's treatment was "to extract both infected

2   teeth, which is what Plaintiff sought to prevent."    Plaintiff contends that CDC policy is that " a

3   root canal may be performed when deemed advisable by the dentist."[1]

4          The Eighth Amendment provides that "cruel and unusual punishment [shall not be]

5   inflicted."  "An Eighth Amendment claim that a prison official has deprived inmates of humane

6   conditions of confinement must meet two requirements, one objective and the other subjective."

7   Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.) cert. denied, 514 U.S. 1065, (1995).          The

8   objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the

9   minimal civilized measure of life's necessities.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825,

10  834 (1994)).  To satisfy the subjective prong, a plaintiff must show more than mere inadvertence

11  or negligence.  Neither negligence nor gross negligence will constitute deliberate indifference.

12  Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The Farmer court

13  concluded that "subjective recklessness as used in the criminal law is a familiar and workable

14  standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as

15  the test for deliberate indifference under the Eighth Amendment.  Farmer, 511 U.S. at 839-40.

16         The crux of Plaintiff's complaint is that Dr. Fishback opted to remove Plaintiff's teeth

17  instead of completing the root canal.  Plaintiff alleges that he began the root canal process in

18  2003, and he was initially seen by Dr. Fishback in June of 2004.   Taking the allegations of the

19  complaint in a light favorable to Plaintiff, that Dr. Fishback failed to comply with CDCR policy,

20  does not subject him to liability for an Eighth Amendment violation.  As noted above,

21  "subjective recklessness as used in the criminal law" is the standard.  A liberal reading of the

22  complaint indicates a claim for negligence at most.  Plaintiff must allege facts indicating that Dr.

23  Fishback knew of and disregarded a serious risk to Plaintiff's health.  That he chose the course of

24

25         [1]Plaintiff refers to the Department Operations Manual of the California Department of
    Corrections and Rehabilitation, section 54050.15.3.
26

1    tooth removal indicates that he treated the problem, though the treatment may not have been

2    ideal.

3         As to the remaining defendants, the only conduct charged to those defendants is that they

4    denied Plaintiff's inmate grievances regarding his dental treatment.  A supervisor may be liable

5    under § 1983 only if there exists either "'(1) his or her personal involvement in the constitutional

6    deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and

7    the constitutional violation.'" Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir.

8    1991)(quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)); see also MacKinney v.

9    Nielsen, 69 F.3d 1002, 1008 (9th Cir. 1995).

10        The statute plainly requires that there be an actual connection or link between the actions

11   of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

12   Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The

13   Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional

14   right, within the meaning of section 1983, if he does an affirmative act, participates in another's

15   affirmative acts or omits to perform an act which he is legally required to do that causes the

16   deprivation of which the complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

17   1978).

18        The court finds the allegations in plaintiff's complaint conclusory.   Although the Federal

19   Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements

20   of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th

21   Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which

22   defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to allege

23   facts that state a claim for relief, the complaint must be dismissed.   The court will, however,

24   grant leave to file an amended complaint.

25        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

26

1   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u>

2   <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

3   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

4   there is some affirmative link or connection between a defendant's actions and the claimed

5   deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.

6   1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

7   　　　In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

8   make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

9   complaint be complete in itself without reference to any prior pleading.  This is because, as a

10  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375

11  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

12  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

13  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

14  　　　In accordance with the above, IT IS HEREBY ORDERED that:

15  　　　1.  Plaintiff's complaint is dismissed; and

16  　　　2.  Plaintiff is granted thirty days from the date of service of this order to file a

17  first amended complaint that complies with the requirements of the Civil Rights Act, the Federal

18  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

19  docket number assigned this case and must be labeled "First Amended Complaint."  Failure to

20  file an amended complaint in accordance with this order will result in a recommendation that this

21  action be dismissed.

22

23  IT IS SO ORDERED.

24  **Dated:    June 28, 2007**                     _____/s/  **William M. Wunderlich**_____
                                             UNITED STATES MAGISTRATE JUDGE

25

26

                                             4