IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EYEN ANDERSON,

    Plaintiff,                                  CV F 05 0729 AWI WMW PC

    vs.                                          FINDINGS AND RECOMMENDATION

DR. FISHBACK, et al.,

    Defendants.

      Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the July 26, 2007, first amended complaint, filed in response to an order dismissing the original complaint with leave to amend. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at the California Substance Abuse Treatment Facility at Corcoran, brings this civil rights action against defendant medical officials employed by the Department of Corrections at SATF.

      As noted in the order dismissing the original complaint, Plaintiff's claims in this case relate to his dental care. Prior to his transfer into the CDCR, Plaintiff received a root canal procedure at the Orange County Jail. Plaintiff alleges that the treatment was not fully completed before his transfer to SATF. Upon his arrival at SATF, Plaintiff was seen by Dr. Fishback, who

noted that Plaintiff's number 7 tooth had a "failed root canal" and the number 8 tooth "appears to have a root canal started." Dr. Fishback advised Plaintiff that a root canal was a restricted service pursuant to CDCR policy, and that a root canal was not vital.

The Eighth Amendment provides that "cruel and unusual punishment [shall not be] inflicted." "An Eighth Amendment claim that a prison official has deprived inmates of humane conditions of confinement must meet two requirements, one objective and the other subjective." Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.) cert. denied, 514 U.S. 1065, (1995). The objective requirement is met if the prison official's acts or omissions deprived a prisoner of "the minimal civilized measure of life's necessities.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). To satisfy the subjective prong, a plaintiff must show more than mere inadvertence or negligence. Neither negligence nor gross negligence will constitute deliberate indifference. Farmer, 511 U.S. at 833, & n. 4; Estelle v. Gamble, 429 U.S. 97, 106 (1976). The Farmer court concluded that "subjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause" and adopted this as the test for deliberate indifference under the Eighth Amendment. Farmer, 511 U.S. at 839-40.

As noted in the earlier order, the crux of Plaintiff's complaint is that Dr. Fishback opted to remove Plaintiff's teeth instead of completing the root canal. Plaintiff alleges that he began the root canal process in 2003, and he was initially seen by Dr. Fishback in June of 2004. Taking the allegations of the complaint in a light favorable to Plaintiff, that Dr. Fishback failed to comply with CDCR policy, does not subject him to liability for an Eighth Amendment violation. As noted above, "subjective recklessness as used in the criminal law" is the standard. A liberal reading of the complaint indicates a claim for negligence at most. Plaintiff must allege facts indicating that Dr. Fishback knew of and disregarded a serious risk to Plaintiff's health. That he chose the course of tooth removal indicates that he treated the problem, though the treatment may not have been ideal.

1    In the first amended complaint, Plaintiff essential restates the allegations of the original
2 complaint.  Plaintiff argues that the policy at issue allows for a root canal "when it is deemed
3 advisable."  Plaintiff also alleges that Dr. Fishback refused treatment.  Plaintiff also alleges,
4 however, that Dr. Fishback indicated that the only treatment he would perform would be an
5 extraction.  Plaintiff is essentially challenging the medical decision of Dr. Fishback.  Mere
6 difference of opinion between a prisoner and prison medical staff as to appropriate medical care
7 does not give rise to a section 1983 claim.  <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir.
8 1981).

9    Plaintiff was specifically advised that the original complaint alleged, at most, negligence.
10 Plaintiff failed to allege facts indicating that Dr. Fishback knew of and disregarded a serious risk
11 to Plaintiff's health.  That Dr. Fishback, in his opinion, deems extraction a preferable treatment
12 to a root canal does not, of itself, subject him to liability.   There are no facts alleged indicating
13 that Dr. Fishback knew the extraction to a danger to Plaintiff's health or safety.

14    As to Plaintiff's concerns regarding the policy at issue, Plaintiff has not alleged any facts
15 indicating that the policy is unconstitutional.  Taking the facts of the first amended complaint as
16 true, Dr. Fishback acted pursuant to a policy that vested discretion with him.  Pursuant to policy,
17 if he deems a root canal advisable, he may order such treatment.  The facts in this case indicate
18 that a root canal was started.  That Dr. Fishback chose extraction rather than complete the root
19 canal does not subject him to liability for deliberate indifference.

20    In the order dismissing the original complaint,  the court informed Plaintiff of the
21 deficiencies in his complaint, and dismissed the complaint on the ground that Plaintiff had failed
22 to state a claim upon which relief could be granted.  Because Plaintiff has not cured the defects
23 identified in the earlier order, the court recommends dismissal with prejudice for failure to state a
24 federal claim upon which the court could grant relief.  <u>See</u> <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448
25 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to
26

3

dismissing for failure to state a claim).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 20, 2008**            /s/  **William M. Wunderlich**
                                       UNITED STATES MAGISTRATE JUDGE