IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EYEN ANDERSON,

    Plaintiff,                                        CV F 05 0729 AWI WMW PC

    vs.                                                 ORDER RE: FINDINGS &
                                                        RECOMMENDATIONS (#14)

DR. FISHBACK, et al.,

    Defendants.

       Plaintiff is a state prisoner proceeding pro se in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

       On March 20, 2008, findings and recommendations were entered, recommending dismissal of this action for failure to state a claim upon which relief can be granted. Plaintiff was provided an opportunity to file objections within thirty days. On April 21, 2008, plaintiff filed objections to the findings and recommendations.

       In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 73-305, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, the Court will adopt some but not all of the analysis and recommendations.

       Citing *Harison v. Barkley*, 219 F.3d 132, 136-38 (2d Cir. 2000), Plaintiff argues that

1

Defendants were deliberately indifferent because they improperly conditioned treatment on his consent to an unwanted tooth extraction. *Harrison* does not help Plaintiff. The Second Circuit in that case found that an Eighth Amendment claim had been adequately pled where officials "refused to treat a cavity in one tooth unless [Harrison] consented to the extraction of another tooth, which was also diseased but which he nevertheless wished to keep." Harrison, 219 F.3d at 134. The "proper course of treatment" was not at issue. Id. at 140. Here, Plaintiff is not alleging that Defendants will not treat his teeth at all, nor is he alleging that Defendants are withholding one form of treatment on one tooth until he consents to an unwanted form of treatment on a separate tooth. Instead, Plaintiff's complaint shows that Defendants simply will not perform root canals, but will perform tooth extractions. As the Magistrate Judge correctly noted, a difference of medical opinion between Plaintiff and his physicians/dentists does not amount to deliberate indifference of serious medical needs. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). "The prisoner's right is to medical care – not the type or scope of medical care which he personally desires." Henderson v. Secretary of Corr., 518 F.2d 694, 695 (10th Cir. 1975); United States ex rel. Hyde v. McGinnis, 429 F.2d 864, 867 (2d Cir. 1970); see Harrison, 219 F.3d at 140. Where an inmate's "allegations show only that he has not been receiving the kind and quality of medical treatment he believes is indicated," no civil rights claim is stated. Stiltner v. Rhay, 371 F.2d 420, 421 n.3 (9th Cir. 1967). Plaintiff has failed to state a claim based on the refusal to perform a root canal.

Plaintiff also states that Defendants are trying to "hoodwink" him into thinking that where "extensive restoration" of his teeth are required, then a root canal cannot be done. Plaintiff claims that Defendants are grossly misstating the policy, which actually reads, "that a rootcanal may be performed when deemed advisable by the dentist." Plaintiff's objections contains a copy of the pertinent regulation, which is D.O.M. policy 54050.15.3. That policy section is entitled "Endodontics" and reads, "Root canal filling may be performed when deemed advisable by the

dentist. This treatment should not be undertaken if: – the tooth involved requires extensive restoration – other missing teeth in the same arch are to be replaced with a removable prosthesis – other teeth in the same arch are of questionable prognosis – the tooth concerned is not essential to maintain the integrity of the arch." Generally, the policy permits a dentist to perform a root canal if the dentist deems the procedure advisable. However, the policy continues to provide limits on when a root canal should be performed, and one of those limitation is in fact if the tooth involved "requires extensive restoration." Plaintiff is focusing on the general ability of a dentist to order a root canal performed, but is ignoring the limits that the regulation subsequently places on the dentist's discretion. The express language of the policy does not indicate that Defendants are misrepresenting the policy or hoodwinking Plaintiff.

However, Plaintiff also alleges that Defendants did nothing to alleviate his pain. "A public official's deliberate indifference to a prisoner's serious illness or injury violates the Eighth Amendment. Clement v. Gomez, 298 F.3d 898, 904-905 (9th Cir. 2002). "The inmates must demonstrate that they were confined under conditions posing a risk of objectively, sufficiently serious harm and that the officials had a sufficiently culpable state of mind in denying the proper medical care." Id. A "serious medical need is present whenever the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Id. "'Deliberate indifference' is evidenced only when the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. The Second Circuit has recognized, "a tooth cavity is a degenerative condition, and if it is left untreated indefinitely, it is likely to produce agony and to require more invasive and painful treatments, such as root canal therapy or extraction." Harrison, 219 F.3d at 137.

Here, under the statement of the claim, Plaintiff complains of deliberate indifference to

his need for a root canal and "pain medication for extraordinary pains." In later pages, Plaintiff alleges that he told Dr. Fishback that he was "in severe pain," that Dr. Fishback "failed to provide adequate medical care to abate the plaintiff's pain[] and suffering[]," that this failure to treat his condition resulted in further injury or the unnecessary and wanton infliction of pain, that he filed an appeal, that the "appeal defendants" had knowledge of his serious dental needs, that they reviewed the medical files but "did absolutely nothing to abate his pains . . ." The "appeal defendants" are alleged to be doctors. Given these, the Court believes that Plaintiff has sufficiently alleged an Eighth Amendment claim for failure to abate, or at least attempt to abate, the pain caused by his diseased teeth. Plaintiff may proceed on this claim.

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on March 20, 2008, are adopted to the extent they are consistent with the above analysis;

2. Plaintiff's Eighth Amendment complaint regarding the failure to perform a root canal is DISMISSED;

3. This action may proceed against the Defendants on Plaintiff's Eighth Amendment claim for failing to alleviate, or attempt to alleviate, the pain caused by his diseased teeth; and

4. This case is remanded to the Magistrate Judge for issuance of a scheduling order and further proceedings.

IT IS SO ORDERED.

**Dated:   July 3, 2008**                         */s/ Anthony W. Ishii*
                                                  CHIEF UNITED STATES DISTRICT JUDGE