IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eyen Anderson,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>G. Fishback, et al.,<br><br>　　　　Defendants. | No. CV-05-0729-PHX-ROS<br><br>**ORDER** |

Before the Court are three matters: Plaintiff's Motion for Appointment of Counsel (Doc. 24), Plaintiff's Motion for Order (Doc. 32), and Defendant Suryadevana's Motion to Dismiss (Doc. 28). For the following reasons, Plaintiff's motions will be denied and additional briefing will be ordered for Defendant's motion.

**I. Appointment of Counsel**

Plaintiff requests appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). While admitting there is no constitutional right to appointed counsel in a 42 U.S.C. § 1983 action, Plaintiff argues this case presents exceptional circumstances and thus warrants discretionary appointment of counsel. See Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981) ("[T]here is no constitutional right to appointed counsel for [§] 1983 claims"); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (counsel may be appointed under § 1915

only in "exceptional circumstances"). The Court disagrees. "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Wilborn, 789 F.2d at 1331. With respect to likelihood of success and ability to articulate claims, Plaintiff is in no different position than other *pro se* plaintiffs who have filed similar prisoner civil rights actions. Thus, Plaintiff's circumstances are not exceptional under § 1915(e) and the motion for appointment of counsel will be denied.

**II. Motion For Order**

On August 14, 2008, the U.S. Marshals Service was ordered to serve the Complaint on Defendants Fishback, Martinez and Suryadevana (Doc. 18). On September 16, 2008, the summons for Defendant Fishback, who is deceased, was returned unexecuted (Doc. 21). On October 30, 2008, the summons for Defendant Martinez was returned unexecuted, as there was no record of a J. Martinez employed at the Substance Abuse Treatment Facility in Corcoran, California, where Plaintiff claimed Martinez could be found, and the U.S. Marshal was otherwise unable to identify Martinez from the various J. Martinezes employed elsewhere in the California Department of Corrections (Doc. 22). On December 1, 2008, Defendant Suryadevana waived service (Doc. 27).

Plaintiff argues for the "Court to issue an Order directing the Honorable Edmund C. Brown, Jr., Attorney General of the State of California, in his capacity as Attorney for Defendants Martinez and Fishback, as employees of the State of California, to produce the named Defendants before the Court so that they may be Served Notice of this Complaint, or to notify the Court and Plaintiff, Mr. Anderson, of the current whereabouts of the named Defendants" (Doc. 32 at 1). This motion is inappropriate and will be denied.

Although the U.S. Marshal was ordered to effect service for Plaintiff, "it is ultimately [P]laintiff's responsibility to provide a name and address for each defendant to be served in order for the Court to direct the Marshal to serve process on a defendant." Lateef v. Jackson,

- 2 -

2009 WL 393857, *2 (N.D. Cal. 2009); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by* Sandin v. Conner, 515 U.S. 472 (1995), (requiring a *pro se* prisoner plaintiff to have "furnished the information necessary to identify the defendant") (internal citation omitted).

Here Plaintiff provided the first initial, last name, and place of occupation for each Defendant (Docs. 21-22, 27). With this information, Defendants Fishback, who is deceased, and Suryadevana, who waived service, were located (Docs. 21, 27). However, Defendant Martinez was unable to be located (Doc. 22). Having pursued and exhausted the information provided by Plaintiff, neither the Marshal nor the Court is permitted to offer further assistance in determining the whereabouts of Martinez. See e.g. DeRoche v. Funkhouser, 2008 WL 4277659, *1 (D. Ariz. 2008) ("[N[either the Marshal Service nor the Court may engage in investigatory efforts on behalf of the parties to a lawsuit as this would improperly place the Court in the role of an advocate." (citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991)). Plaintiff now has two choices; he may provide additional information with which the Marshal may attempt to identify and serve Martinez or wait until the proceedings enter the discovery stage, assuming that stage is reached, and subpoena third parties for information concerning Martinez's whereabouts. The Court will not order the California Attorney General to aid Plaintiff in litigating this case and thus the motion will be denied.

**III. Motion to Dismiss**

Defendant Suryadevana has filed a motion to dismiss for failure to state a claim and exhaust administrative remedies (Doc. 28). It is noted that Plaintiff has not received the required warning, per Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), without which the proceedings cannot move forward. See 315 F.3d at 1119-20 & n.14 ("In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact . . . if the district court looks beyond the

- 3 -

pleadings to a factual record in deciding the motion . . . then the court must assure that [Plaintiff] has fair notice of his opportunity to develop a record."). Accordingly, the warning is set forth below and the parties will be given an opportunity for supplemental briefing.

Plaintiff is on notice:

Defendant Suryadevana has filed a motion to dismiss this action for failure to state a claim and exhaust administrative remedies. A failure to exhaust administrative remedies is subject to an unenumerated Rule 12(b) motion to dismiss. See Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988) (*per curiam*)). "In deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20 (quoting Ritza, 837 F.2d at 368). If it is concluded the prisoner has not exhausted administrative remedies, the case will be dismissed without prejudice. See Id. at 1120. This means that the case will end. If Plaintiff exhausts administrative remedies at a later date, the case may be re-filed as a new action.

When responding to a motion to dismiss for failure to exhaust administrative remedies, Plaintiff may not simply rely on allegations in the Complaint. Instead, Plaintiff must oppose the motion by setting forth specific facts in declaration(s) and other evidence regarding the exhaustion of administrative remedies. See Fed. R. Civ. P. 43(c);[1] Ritza, 837 F.2d at 369 ("The distinction between summary judgment and dismissal for matters in abatement bears on the district court's authority to resolve factual disputes").[2] If Plaintiff

---

[1] Formerly Fed. R. Civ. P. 43(e).

[2] See also Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (when the non-moving party bears the burden of proof at trial, the moving party's summary judgment motion need only highlight the absence of evidence supporting the non-moving party's claims and the burden then shifts to the non-moving party who must produce evidence sustaining a genuine issue of disputed material fact).

- 4 -

does not submit evidence in opposition, the Court may conclude Plaintiff has not exhausted administrative remedies and the case will be dismissed.

At some point in the litigation, one or more Defendant may move for summary judgment concerning some or all of Plaintiff's claims. Pursuant to Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988) and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), Plaintiff is advised of the following requirements for opposing a motion for summary judgment made pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Such a motion is a request for an order for judgment on some or all of Plaintiff's claims in favor of Defendants without trial. See Fed. R. Civ. P. 56(b). Defendants' motion(s) will set forth the facts which Defendants contend are not reasonably subject to dispute and entitle Defendants to judgment as a matter of law. See Fed. R. Civ. P. 56(c).

Plaintiff has the right to oppose a motion for summary judgment. To oppose the motion, Plaintiff must show proof of his claims. Plaintiff may agree with the facts set forth in Defendants' motion(s) but argue that Defendants are not entitled to judgment as a matter of law. Plaintiff may show Defendants' facts are disputed in one or more of the following ways: (1) Plaintiff may rely upon statements made under penalty of perjury in the Complaint if the Complaint shows Plaintiff has personal knowledge of the matters stated and if Plaintiff calls attention to those parts of the Complaint upon which Plaintiff relies; (2) Plaintiff may also serve and file affidavits or declarations[3] setting forth the facts which Plaintiff believes prove Plaintiff's claims (the person who signs the affidavit or declaration must have personal knowledge of the facts stated); (3) Plaintiff may also rely upon written records but Plaintiff

---

[3] An affidavit is a written declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. An unsworn declaration has the same effect as an affidavit, provided that it is dated and signed under penalty of perjury, as follows: "I declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. Affidavits and declarations must be made on personal knowledge and must set forth facts as would be admissible in evidence. See Fed. R. Civ. P. 56(e).

- 5 -

must prove that the records are what Plaintiff claims they are;[4] (4) Plaintiff may also rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. Should Plaintiff fail to contradict Defendants' motion(s) with affidavits, declarations, or other evidence, Defendants' evidence will be taken as true, and final judgment may be entered without a full trial. See Fed. R. Civ. P. 56(e).

If there is a good reason why such facts are not available to Plaintiff when required to oppose, a request to postpone considering Defendants' motion(s) will be considered. See Fed. R. Civ. P. 56(f). If Plaintiff does not serve and file a request to postpone consideration or written opposition, Plaintiff's failure to act may be considered a waiver of opposition. Plaintiff's waiver of opposition to Defendants' motion(s) may result in the entry of summary judgment. A motion supported by affidavits or declarations that are unsigned will be stricken.

The failure of any party to comply with this Order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for Appointment of Counsel (Doc. 24) **IS DENIED**.

**FURTHER ORDERED** Plaintiff's Motion for Order (Doc. 32) **IS DENIED**.

**FURTHER ORDERED** Plaintiff, if he so chooses, has **THIRTY (30) DAYS** from this Order to file a supplemental response to Defendant Suryadevana's Motion to Dismiss.

---

[4] Sworn or certified copies of all papers referred to in an affidavit must be attached to the affidavit and served on the opposing party. See Fed. R. Civ. P. 56(e).

Defendant may file a supplemental reply to Plaintiff's supplemental response **WITHIN FIFTEEN (15) DAYS** of receipt.

DATED this 24th day of April, 2009.

_____
Roslyn O. Silver
United States District Judge