1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT
7          FOR THE EASTERN DISTRICT OF CALIFORNIA
8
9    Eyen Anderson,                    )    No. CV-05-0729-ROS (PC)
                                       )
10              Plaintiff,             )    **ORDER**
                                       )
11   vs.                               )
                                       )
12                                     )
     Dr. G. Fishback, et al.,          )
13                                     )
                Defendants.            )
14                                     )
15   _____)
16
17                          **Background**

18        On June 1, 2004, Plaintiff, an inmate at the California Substance Abuse Treatment
19   Facility at Corcoran (SATF), sought treatment from Defendant Dr. Fishback, the SATF
20   dentist, for tooth pain (Docs. 1 Ex. A; 13 at 5). Two of Plaintiff's teeth were diagnosed as
21   in need of "extensive restoration [and] crowns" because of "infection and ab[s]cesses" (Doc.
22   1 Ex. A). Plaintiff requested root canal treatment but was told extraction was the only
23   available option (Docs. 1 Ex. A; 13 at 6-7). After attempting to resolve the dispute
24   informally, Plaintiff filed a Form 602 appeal of Fishback's decision, pursuant to California
25   Department of Corrections and Rehabilitation (CDCR) Regulations §§ 3084 *et seq.*, which
26   was denied on July 7, 2004 by SATF Division Head Defendant Martinez (Doc. 1 Ex. C at
27   6-7). Plaintiff's appeal of Martinez's decision was denied on July 25, 2004 by SATF Chief
28   Medical Officer (A) Defendant Dr. Suryadevara (Doc. 1 Ex. B at 1). Plaintiff's appeal of

1  Suryadevara's decision, to the CDCR Director, was denied on October 18, 2004 by N.
2  Grannis, Chief of the Inmate Appeals Branch (Doc. 1 Ex. B at 2).[1]

3

4      On May 25, 2005, Plaintiff filed a 42 U.S.C. § 1983 action in the Eastern District of
California, alleging Defendants' failure to perform root canals violated the Eighth
5  Amendment (Doc. 1 at 5-6). On June 28, 2007, Magistrate Judge William Wunderlich
6  dismissed the action for failure to state a claim, but granted leave to amend (Doc. 12). On
7  July 26, 2007, an Amended Complaint was filed, alleging Defendants' failure to perform root
8  canals and prescribe appropriate pain medication constituted deliberate indifference to
9  Plaintiff's extreme suffering and thus violated the Eighth Amendment (Doc. 13). On July
10  7, 2008, Judge Anthony W. Ishii dismissed Plaintiff's root canal allegations for failure to
11  state a claim but permitted the pain medication claim to go forward (Doc. 16). On September
12  16, 2008, the summons for Defendant Fishback, who had since died, was returned
13  unexecuted (Doc. 21). On October 30, 2008, the summons for Defendant Martinez was
14  returned unexecuted because there was no record of a J. Martinez employed at SATF
15  Corcoran and the U.S. Marshals Service was unable to identify Defendant from the various
16  J. Martinezes employed in the California Department of Corrections (Doc. 22).
17

18      On November 25, 2008, the case was transferred to this Court (Doc. 23). On
19  December 1, 2008, Defendant Suryadevara waived service and, on January 30, 2009, filed
20  a Motion to Dismiss, alleging failure to state a claim and exhaust administrative remedies
21  (Docs. 27-28). On March 19, 2009, Plaintiff responded and, on April 4, 2009, Defendant
22  replied (Docs. 33-34). On April 24, 2009, a warning Order was issued, per Wyatt. v.
23  Terhune, 315 F.3d 1108 (9th Cir. 2003) and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998),
24  and supplemental briefing was ordered. On May 15, 2009, Plaintiff filed a supplemental
25  response and, on May 27, 2009, Defendant filed a supplemental reply (Docs. 38-39). For the

26
27  [1]
28  On December 1, 2004, Plaintiff also submitted a claim to the California Victim Compensation
and Government Claims Board, which was denied as untimely (Doc 1 Ex. B at 4, C at 2-5).

- 2 -

1  following reasons, Defendant's motion will be granted and the Complaint will be dismissed
2  for failing to exhaust administrative remedies.

## Discussion

### A. Standard

### 1. Failure to Exhaust Administrative Remedies

Title 42 U.S.C. § 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until such administrative remedies as are available are exhausted*" (emphasis added). Accordingly, administrative exhaustion is a mandatory prerequisite for filing a prisoner civil rights action in federal court. See Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005) ("[A] district court must dismiss a case without prejudice 'when there is no *presuit* exhaustion' even if there is exhaustion while suit is pending.") (citing McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002) (*per curiam*)); see also Booth v. Churner, 532 U.S. 731, 741 n.5 (2001). To properly exhaust administrative remedies, a Plaintiff "must use all steps the prison holds out, enabling the prison to reach the merits of the issue." Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Failure to exhaust will result in dismissal without prejudice. See Wyatt, F.3d at 1120.

A motion to dismiss for failure to exhaust is treated as "an unenumerated Rule 12(b) motion rather than a motion for summary judgment" and so a "court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. Because exhaustion is an affirmative defense, not a pleading requirement, the burden is on the movant. See Id. at 1119 ("We hold that § 1997e(a) creates a defense -- defendants have the burden of raising and proving the absence of exhaustion."). However, once the absence of exhaustion is sufficiently established, the burden then shifts to the non-movant to set forth specific facts, supported in declarations and other evidence outside the complaint, which prove exhaustion.

See Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (*per curiam*) ("The distinction between summary judgment and dismissal for matters in abatement bears on the district court's authority to resolve factual disputes"); see also Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (once a summary judgment movant has met its burden, the burden then shifts to the non-moving party who must produce evidence sustaining a genuine issue of disputed material fact).

**2. Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") permits challenge of a complaint for "failure to state a claim upon which relief can be granted." A court's inquiry "is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008). This presumption applies only to facts and "is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, a court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." Lazy Y Ranch Ltd., 546 F.3d at 588; see also Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (identifying "two exceptions to the requirement that consideration of extrinsic evidence converts a 12(b)(6) motion to a summary judgment motion" – material subject to judicial notice and material attached to or referenced in the complaint). The defendant bears the burden of proving plaintiff has failed to state a claim. See e.g. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005); Bangura v. Hansen, 434 F.3d 487, 498 (6th Cir. 2006); James Wm. Moore, 2 Moore's Federal Practice § 12.34[1][a] at 12-73 (2008 ed.).

When plaintiff is *pro se* and alleges civil rights violations, the court must construe the allegations liberally and grant plaintiff leave to amend "unless it clearly appears that the deficiency cannot be overcome by amendment." Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980) (internal citation omitted). See also Jones v. Cmty. Redevelopment

- 4 -

1  Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984) ("The allegations of a pro
2  se complaint, however inartfully pleaded, should be held to less stringent standards than
3  formal pleadings drafted by lawyers") (internal citation omitted).

4

5  **B. Motion to Dismiss**

6  **1. Failure to Exhaust Administrative Remedies**

7

8      CDCR regulations provide a four-step administrative procedure through which
9  prisoners may file and appeal grievances. The first step is to seek informal resolution of the
10 grievance with the implicated staff. See Cal. Code Regs. tit. 15, §§ 3084.2(b); 3084.5(a).
11 If informal resolution is unsuccessful, a CDCR Form 602 must be filed to initiate formal
12 grievance proceedings. The Form 602, which must specifically describe the grievance as
13 well as the requested remedy, is reviewed by a CDCR staff member who is neither implicated
14 in the grievance nor subordinate in rank to any CDCR personnel implicated in the grievance.
15 See Cal. Code Regs. tit. 15, §§ 3084.2(a); 3084.5(b), (e). If denied, the Form 602 may be
16 appealed to the head officer of the institution where the complainant is incarcerated. See Cal.
17 Code Regs. tit. 15, §§ 3084.5(c), (e)(1). If the first appeal is denied, a second appeal to the
18 CDCR Director may be pursued; this is the final level of administrative review. See Cal.
19 Code Regs. tit. 15, §§ 3084.5(d), (e)(2). The Director's decision is not appealable and, if the
20 appeal is denied by the Director, the claim is administratively exhausted. See Cal. Code
21 Regs. tit. 15, § 3084.1(a) ("The decisions of the Departmental Review Board which serve as
22 the director's level decision, are not appealable and conclude the inmate's or parolee's
23 departmental administrative remedy").[2]

24

---

  2

25 See also e.g. Barry v. Ratelle, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997) ("In order to exhaust
administrative remedies within this system, a prisoner must proceed through several levels
26 of appeal: (1) informal resolution, (2) formal written appeal on a [CDCR] 602 inmate appeal
form, (3) second level appeal to the institution head or designee, (4) third level appeal to the
27 director of the California Department of Corrections."); Rhodes v. Dull, 2009 WL 839062,
28 *1 (N.D. Cal. 2009) ("A final decision from the Director's level of review satisfies the

1    Defendant concedes Plaintiff filed a CDCR Form 602 and appealed the grievance

2  through the final level of administrative review (Doc. 28 at 5). However, Defendant argues

3  for dismissal because the Form 602 was not sufficiently specific "to alert the prison to [the]

4  problem and facilitate its resolution," thus failing to "properly exhaust" Plaintiff's claim as

5  required by § 1997e(a). Griffin, 557 at 1119-20; see also Cal. Code Regs. tit. 15, § 3084.2(a)

6  ("The appellant shall use a [CDCR] Form 602 (rev. 12-87), Inmate/Parolee Appeal Form, *to

7  describe the problem and action requested.*") (emphasis added). Defendant contends

8  Plaintiff's Form 602 and subsequent administrative appeals addressed only allegations

9  concerning the denied root canals, which were dismissed from the Amended Complaint in

10 the July 7, 2008 screening Order for failure to state a claim. Defendant further contends the

11 Form 602 failed to raise the sole allegation which survived the screening Order, that Plaintiff

12 was refused medication to treat severe pain, and thus CDCR staff were not properly alerted

13 to the problem. In support, Defendant submits an affidavit from the Chief of the Inmate

14 Appeals Branch, who denied Plaintiff's claim at the Director's Level appeal, stating Plaintiff

15 had submitted only one appeal to the CDCR Director which dealt solely with the question

16 of denied root canals (Doc. 28 Ex. A). Plaintiff, citing to the administrative appeal record,

17 responds that the issue of wrongfully denied pain medication was sufficiently presented to

18 CDCR to satisfy the exhaustion requirement. Defendant's interpretation of the appeal record

19 is accurate and the Complaint will be dismissed for failing to exhaust administrative

20 remedies.

21

22    Plaintiff's first interaction with CDCR staff occurred on June 6, 2004, during

23 Defendant Fishback's initial examination of Plaintiff's teeth. According to Fishback's notes,

24 Plaintiff did not request pain medication during the examination but rather focused

25 exclusively on Fishback's refusal to perform root canals:

26    exhaustion requirement under § 1997e(a)."); Rideau v. Woodford, 2009 WL 747715, *1

27    (E.D. Cal. 2009) (same).

28

- 6 -

1
2
3
4
5
6

> Showed x-ray to patient [and] explained that both teeth . . . would need extensive restoration [and] crowns EVEN IF there was no infection or ab[s]cesses [and] that posts, buildups [and] crowns are NOT done here, but both teeth are ab[s]cessed [and] all that I can do is to remove them. The patient asked if he could be sent to an outside dentist to get them fixed. Patient was told that it would be unlikely that he could get to an outside dentist. Patient became very upset [and] irritated [and] stated that he was going to 602 [and] that I was 'just lazy' [and] didn't want to help him. Patient left still complaining. (Doc. 1 Ex. A at 1) (capitalization in original).

7

8  Accordingly, at the informal level of review, CDCR staff did not address the question of pain

9  medication and only denied the request for root canals: "Staff Response: Request for root

10  canal denied" (Doc. 1 Ex. C at 7). When the Form 602 was filed, Plaintiff described the

11  grievance in the following terms: "[T]he 'basic' dental treatments of a filling and/or root canal

12  should be available if so prescribed. To not have these 'common' treatments violates the U.S.

13  [Constitution]" (Doc. 1 Ex. C at 7).  The "Action Requested" was "[t]o provide

14  appropriate/standard dental care which includes but is not limited to, root canal, and filling

15  treatments, and to treat Mr. Anderson with the appropriate dental care as initially pr[e]scribed.

16  (root canal, and refilling)" (Doc. 1 Ex. C at 7). Nowhere in the Form 602 did Plaintiff

17  mention pain medication. Thus, Defendant Martinez, in reviewing the Form 602, did not

18  address the question of denied pain medication, but rather affirmed Fishback's denial of the

19  root canals: "Patient was told the answer is the same as last [appointment]. The treatment

20  patient wants is a 'restricted' service and may NOT be undertaken." (Doc. 1 Ex. 6 at 6).

21       The focus of Plaintiff's first appeal, to Defendant Suryadevara, was the same:

22  "Dissatisfied: fillings/root canal is a common dental service." (Doc. 1 Ex. C. at 6). Plaintiff

23  argues statements filed in a Supplemental Attachment to the first appeal were sufficient to

24  notify CDCR that Plaintiff was improperly denied pain medication:

25
26
27
28

> "Anderson is entitled to appropriate relief. Mr. Anderson has a significant illness/disability, and is in need of treatments to alleviate severe pain. Root canals, fillings, and other 'basic' treatments are afforded at other California State Prisons, and Mr. Anderson is due this right" (Doc. 1 Ex. B at 1).

- 7 -

1  If read out of context, Plaintiff's statement of being in need of "treatments to alleviate severe
2  pain" could be viewed as sufficient to notify CDCR that Plaintiff was denied pain
3  medication, encompassed in the catch-all request for "other 'basic' treatment." However,
4  the context of the Supplemental Attachment, in which Plaintiff solely discusses the previous
5  denial of root canal treatment, belies the suggestion that "treatments to alleviate severe pain"
6  refers to anything but root canals. Accordingly, when conducting the second-level review,
7  Defendant Suryadevara only addressed the question of the denied root canals (Doc. 1 Ex. B
8  at 2). Plaintiff's argument and the Director's response at the final level of review were the
9  same; Plaintiff appealed the denial of the root canal and the Director affirmed the lower
10  administrative decisions (Doc. 1 Ex. C. at 6, Ex. B at 3).

11
12          At no time during the administrative appeal process did Plaintiff raise the issue of
   denied pain medication with sufficient clarity to alert CDCR staff of the problem and thus
13
   it was not addressed. If Plaintiff was in fact denied pain medication that was medically
14
   necessary to alleviate severe pain caused by tooth decay, the issue must be addressed through
15
   the CDCR administrative process before reaching federal court.
16

17  **2. Failure to State a Claim**

18          Because the Amended Complaint will be dismissed for failure to exhaust
19  administrative remedies, Defendant's arguments concerning Plaintiff's failure to state a claim
20  under the Eighth Amendment and failure to properly seek injunctive relief will not be
21  reached (Doc. 28 at 6-9).

22  Accordingly,

23          **IT IS ORDERED** Defendant Suryadevara's Motion to Dismiss (Doc. 28) **IS**
24  **GRANTED**.

25
          **FURTHER ORDERED** Plaintiff's Amended Complaint (Doc. 13) **IS**
26
   **DISMISSED**. The Clerk of Court shall close this case.
27

28

- 8 -

1

2        DATED this 6th day of August, 2009.

3

4

5

6

7                                    Roslyn O. Silver
                                     United States District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 9 -